B. M. ROBERTSON *v.* C. A. DUNCAN.

**Bill in Chancery — Pleading — Amendments.**

> Under the statute, all amendments necessary to present the merits of the case fairly should be allowed. The Supreme Court will not interfere unless the discretion is evidently abused.[1]

Appellant, Robertson, secured a judgment against appellee, Mrs. C. A. Duncan, who was a married woman, and had it levied on her separate property. She filed a bill to enjoin the sale under the execution. The injunction was dissolved on motion of ap-

---

[1] "Amendments shall be allowed in the pleadings and proceedings, on liberal terms, to prevent delay and injustice, at any time before the cause has been submitted." Code 1871, § 1028. See also Code 1880, § 1881; Code 1892, § 542; Code 1906, § 573.

Amendments should be liberally allowed up to the time of the trial. Moss *v.* Davidson, 1 S. & M. 112.

Except when a bill is under oath, amendments are, as a general rule, allowed until the proofs are closed. Hunt *v.* Walker, 40 Miss. 590.

It is too late to apply for leave to amend the answer, when the chancellor is about signing the final decree. Burnham *v.* Huffman, Walker, 381.

Under our liberal rule as to amendments, the court has large discretion over pleadings. A defendant may be allowed to withdraw his answer, and file a demurrer to the bill. Kimbrough *v.* Curtis, 50 Miss. 117.

It is proper to refuse to allow a bill for the establishment of a trust in land to be amended so as to make it a bill for the enforcement of dower,

pellant and appellee appealed to the Supreme Court, where the cause was affirmed. After mandate had reached the lower court, appellant sued out another execution, which was levied on the property of Mrs. Duncan, and she asked and obtained leave to

since this changes the whole frame and essential character of the bill. Miazza *v.* Yerger, 53 Miss. 135.

A different state of facts from those averred in the original bill may be set up by way of amendment, if the character of the relief sought remains the same, and this, notwithstanding the averments in the amendment are inconsistent with those of the original bill; provided, they are not inconsistent with its purpose and the relief originally sought. Hardie *v.* Bulger, 66 Miss. 577; 6 So. 186.

If complainant amends his bill in a material matter, defendant may plead, answer or demur to the same as if it were an original bill, no matter what may have been the state of the pleadings before the amendment; and, though defendant has answered, he may answer anew, and may present an entirely new defense and may even contradict his original answer. Under section 1883 of Code of 1880, the defendant, in such case, cannot be required to answer at once, but must be allowed, if desired, twenty days after notice of the amendment. Davis *v.* Davis, 62 Miss. 818; Walker *v.* Brown, 45 Miss. 615; Tierney *v.* Klein, 67 Miss. 173; 8 So. 424.

An amended bill introducing a new and different case and seeking relief based on a transaction after the bill was filed, is demurrable. Wright *v.* Frank, 61 Miss. 32; Miazza *v.* Yerger, 53 Miss. 135; Walker *v.* Brown, 45 Miss. 615.

The refusal of the court to strike out an amendment to a bill because made without leave is tantamount to previous leave. Ward *v.* Whitfield, 64 Miss. 754; 2 So. 493.

Where an injunction is granted on a bill which is defective, but the defect is afterwards cured by an amended bill, it is proper to refuse to dismiss the original bill, the purpose of both being the same. Ward *v.* Whitfield, 64 Miss. 754; 2 So. 493.

An amendment of a bill was properly allowed ten years after its filing where during nearly all of this time proceedings in the State court were suspended by improper removal to a Federal court. Tishomingo Ins. *v.* Allen, 76 Miss. 114; 23 So. 305.

It is reversible error to disallow an amendment of the bill after submission of the cause, which seeks to plead a recorded deed, a necessary link in complainant's title, where a new suit would probably be barred by limitation. Hart *v.* Potter, 80 Miss. 706; 31 So. 898.

Where, pending final hearing, defendants amend their answer to deny the validity of a deed theretofore insisted upon them as valid, complainant is entitled to suitably amend the bill. Field *v.* Banking Co., 77 Miss. 180; 26 So. 365.

Where some of the parties seeking relief by a bill of review are infants, and were defendants to the original suit, and it be charged that they were not

amend her bill for an injunction restraining the sale, alleging, in addition to what was in the original bill, that the judgment under which the execution was issued was void because the judgment was rendered by default, and there had never been any summons served on her, and that she was without notice of the suit until the execution was levied. She made a motion to amend her bill and to revive the injunction. The amendment was allowed, and from the order allowing the amendment and reviving the injunction Robertson appeals.

APPEALED from Chancery Court, Clay county, F. A. CRITZ, Chancellor.

Affirmed, May 9, 1881.

*Attorneys for appellant, F. S. White, and L. F. Bradshaw.*

*Attorneys for appellee, Fred Beall.*

Briefs of counsel are not found in the record.

OPINION.—COOPER, J.:

The exercise by the chancellor of the power to permit amendments is rarely controlled by this court. The statute enjoins the allowance of all amendments necessary to present fairly the merits

---

served with process therein, it will be error upon sustaining a demurrer to the bill to dismiss it without granting leave to amend, although such leave was not asked. Armistead *v.* Barber, 82 Miss. 788; 35 So. 199.

The court may permit a sequestration bond having only one surety to be amended so as to have sureties as required by statute. Dean *v.* Boyd, 86 Miss. 204; 38 So. 297.

Where an answer denied the equity of the bill and was stricken from the files at a term of court held before the expiration for the time of taking depositions, because of technical defects in the affidavit, defendant should have been granted leave to amend the affidavit, although he was not present in court and did not ask for such leave. Rootes *v.* Thomas, 85 Miss. 493; 38 So. 502.

In a suit by citizens to restrain the erection of a schoolhouse on land dedicated for a public park, it is error to refuse to allow an amendment to the bill making the original donors of the land parties complainant. Rowzee *v.* Pierce, 75 Miss. 846; 23 So. 307.

of the cause, and except in cases in which the discretion has been evidently abused we ought not to interfere.

We must assume for the purpose of considering this question that the matters set up in the amendments are true, as stated, and unless the complainant has been guilty of such negligence as to preclude her from asking to be permitted to amend, the granting of such leave will not be error. We are not prepared to say that the permission given in this case was an abuse of judicial discretion, and the action of the court is

*Affirmed.*